IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| **ALIQUIPPA MACHINE CO., INC.,** | : Bankruptcy No. 05-33726-MBM |
| Debtor. | : |
| **Bank One, a division of J.P. Morgan Chase Bank, N.A.** | : |
| Movant, | : Chapter 7 |
| v. | : Doc. No. 37 |
| **Eric E. Bononi, Trustee of Aliquippa Machine Co., Inc.,** | : |
| Respondent. | : |

Appearances:    David K. Rudov, for Bank One.
Jonathan G. Babyak, for Aliquippa Machine Co., Inc.

## MEMORANDUM OPINION

Bank One moves for relief from stay so that it may pursue collection of essentially all of the assets of the bankruptcy estate of Aliquippa Machine Co., Inc., the above-captioned debtor (hereafter "the Debtor"). Bank One contends that a grant of such stay relief is appropriate at this time because, argues Bank One, such assets are fully encumbered by the first priority perfected security interest that Bank One presently possesses in such assets. Bank One argues as much even though Bank One concedes that it let lapse the first financing statement that it had filed relative to its security interest in such assets. Bank One contends that it successfully remedied such lapse by filing a second financing statement subsequent to such lapse.

The Debtor opposes Bank One's stay relief motion – and so, presumably,

does the Chapter 7 Trustee in the instant case (hereafter "the Trustee") – on several grounds. First, the Debtor contends that Bank One, as of the date of the Debtor's bankruptcy petition filing date, no longer had a perfected security interest in the Debtor's assets. The Debtor argues as much primarily because, contends the Debtor in turn, Bank One, as a matter of law, was precluded from reperfecting its security interest by filing a second financing statement after Bank One's first financing statement and, thus, the initial perfection respecting such security interest, had lapsed. The Debtor also contends that, even if Bank One, as a matter of law, could have so reperfected its security interest, Bank One was precluded from doing so on the ground that it lacked authority from the Debtor to so reperfect. Second, the Debtor contends that, even if Bank One reperfected its security interest as it so contends, intervening liens nevertheless arose during the period between the date when Bank One's initial perfection of its security interest lapsed and the date when Bank One reperfected such security interest, which intervening liens enjoy a priority higher than that of Bank One's security interest so as to preclude a grant of the stay relief that is presently sought by Bank One.

Bank One, as one might expect, argues that it was entitled and authorized by the Debtor to – and that it did – reperfect its security interest in the Debtor's assets by filing anew a second financing statement, although Bank One concedes that such security interest was not perfected for a period between when the first financing statement that it filed lapsed and when it filed its second financing statement. Because of the existence of such gap period during which

2

its security interest was unperfected, Bank One concedes that its presently perfected security interest, as just recounted, is susceptible to being primed by liens that may have arisen during the aforesaid gap period.

For the reasons set forth below, the Court holds that Bank One was entitled and authorized by the Debtor to – and did – reperfect its security interest in the Debtor's assets. However, as also explained below, liens appear to exist which may prime Bank One's presently perfected security interest, thereby precluding an immediate grant of stay relief as is sought by Bank One. Furthermore, the Court is presently uncertain as to either the value of the assets that are subject to Bank One's presently perfected security interest or the present balance of Bank One's claim, which issues also heavily impact upon the propriety of a grant of the stay relief sought by Bank One. Therefore, the Court will continue Bank One's stay relief motion until May 11, 2006, at 2:30 p.m., at which time Bank One, such alleged intervening lien creditors, the Trustee, and the Debtor shall appear for a hearing so that the Court can make a final determination as to (a) the priority of the competing encumbrances upon the Debtor's assets, (b) the value of such assets, and (c) the propriety of a grant of the stay relief that is presently sought by Bank One.

## **STATEMENT OF FACTS**

The relevant facts are free from dispute. Bank One lent money to the Debtor on October 14, 1997, and again on January 8, 1999. To collateralize the foregoing financing, the Debtor entered into security agreements with Bank One on each of the foregoing dates, which security agreements (hereafter the

3

"Security Agreements") both granted to Bank One a security interest in practically all of the Debtor's assets (i.e., "all inventory, chattel paper, accounts, equipment, and general intangibles," as well as proceeds and product thereof) (hereafter "Bank One's Security Interest"). See Bank One Mot. for Relief from Stay, Ex. A, p. 3 & Ex. B, p. 6. On January 20, 1999, Bank One properly filed a financing statement with respect to Bank One's Security Interest. Because Bank One neglected to file a continuation statement at any point so as to continue the perfection of its first filed financing statement, such financing statement lapsed on January 20, 2004, that is five years after January 20, 1999. On October 18, 2004, Bank One filed a second financing statement that is identical in all significant respects to the first financing statement that it had let lapse.

Pursuant to the Security Agreements, the Debtor (a) "irrevocably appoint[ed] Lender [(i.e., Bank One)] as its attorney-in-fact for the purpose of executing any documents necessary to perfect or to continue the security interest granted in th[ese Security] Agreement[s]," and (b) agreed that "the Lender [(i.e., Bank One)] may at any time, and without further authorization from Grantor [(i.e., the Debtor)], file a carbon, photographic or other reproduction of any financing statement or of th[ese Security] Agreement[s] for use as a financing statement." See Bank One Mot. for Relief from Stay, Ex. A, p. 3 & Ex. B, p. 6.

As of September 30, 2005, which date is when the Debtor filed for bankruptcy, Bank One's claim against the Debtor, which claim is secured by Bank One's Security Interest, equalled $141,916.26. See Bank One Mot. for

4

Relief from Stay, Ex. E; Proof of Claim No. 3. The Debtor alleges the following with respect to the value of the assets that are subject to Bank One's Security Interest:

(a) The value of such assets equalled $157,287.73 as of September 30, 2005, see Debtor's Bankr. Sch. B (i.e., $162,287.73 total less $5,000 for 1999 Chevy Silverado Truck encumbered by GMAC security interest);

(b) Such value was comprised of $77,287.73 for accounts receivable, $75,000 for machinery, fixtures, equipment, and supplies, and $5,000 for a 1982 Chevy Flatbed Truck, see Id.; and

(c) The Debtor, as of January 17, 2006, had received a bid of $40,000 for all of the foregoing assets save the accounts receivable, see Debtor's Mot. to Sell Business Property, ¶ 5 – in other words, a bid of $40,000 for property valued at $80,000 in the Debtor's bankruptcy schedules.

An examination of filed proofs of claim in the instant bankruptcy case reveals that at least two creditors take the position that at least part of their claims are secured by liens that they contend arose during the period between January 20, 2004, and October 18, 2004, namely the Internal Revenue Service (hereafter "the IRS") and the Pennsylvania Department of Labor & Industry (hereafter "the PDLI). See Claims Register for Case No. 05-33726-MBM. The IRS asserts that a portion of its claim, in particular $43,008.18 thereof, is secured by a lien filed on April 6, 2004, see Proof of Claim No. 7, while the PDLI asserts that $5,840.90 of its claim is secured by a lien filed on August 9, 2004, see Proof

of Claim No. 2.

## DISCUSSION

The Debtor's hallmark argument is that Bank One, as a matter of law, could not have reperfected Bank One's Security Interest by filing a second financing statement after Bank One's first financing statement and, thus, the initial perfection respecting such security interest, had lapsed.  The Court must reject such argument, however, because (a) reperfection of a security interest by the filing of a second financing statement after the lapse of a first financing statement was expressly permitted under Pennsylvania's Article 9 up until its amendment made effective July 1, 2001, see 13 Pa.C.S.A. § 9402(b)(3), amended by 13 Pa.C.S.A. § 9502 (Purdon's 2006) (amend. eff. July 1, 2001) (prior to amendment, the law provided that a financing statement generally, inter alia, needed to be signed by a debtor but that a financing statement, otherwise appropriate, could be "signed by the secured party instead of the debtor if it [wa]s filed to perfect a security interest in the following: ... (3) Collateral as to which the filing has lapsed"); see also In re Abell, 66 B.R. 375, 378-81 (Bankr.N.D.Miss. 1986) (construing Mississippi's version of § 9402(b)(3) in like manner); In re Tebbs Construction Co., Inc., 39 B.R. 742, 744-45 (Bankr.E.D.Va. 1984) (construing Virginia's version of § 9402(b)(3) in like manner), and (b) such amendment of Pennsylvania's Article 9 was not intended, and likewise does not operate, to abrogate the practice of security interest reperfection after lapse of a financing statement by the filing of a second financing statement, see 13

AO 72A
(Rev. 8/82)

Pa.C.S.A. § 9502 U.C.C. comment ¶ 3 (Purdon's 2006) ("Whereas former Section 9-402(1) [(i.e., 13 Pa.C.S.A. § 9402(a))] required the debtor's signature to appear on a financing statement, this Article contains no signature requirement. ... *Elimination of the signature requirement also makes the exceptions provided by former Section 9-402(2) [(i.e., 13 Pa.C.S.A. § 9402(b))] unnecessary*"); see also 68A Am.Jur.2d *Secured Transactions* § 379 (2005) (citing Rosner v. Plaza Hotel Associates, Inc., 370 A.2d 41, 45 (N.J.Super.Ct.App.Div. 1977), for the proposition that, "[b]ecause the lapse of perfection does not impair the security interest, but merely causes it to become unperfected, the interest may be reperfected after the lapse of perfection"); 79 C.J.S. *Secured Transactions* § 79 (2005) (citing Rosner for the same proposition); In re Provident Hospital & Training Association, 79 B.R. 374, 378 (Bankr.N.D.Ill. 1987) (holding generally that it is appropriate to reperfect a security interest after the lapse of a financing statement by filing a second financing statement). The Court also finds to be without merit the Debtor's argument that, because 13 Pa.C.S.A. § 9509 only provides for the filing of an initial financing statement and amendments thereto, a secured party may not file a second financing statement in the event of a lapse of the first financing statement. The Court rejects such argument because (a) the term "Financing Statement" is defined in Pennsylvania's Article 9 to mean "[a] record or records composed of an initial financing statement and any filed record relating to the initial financing statement," 13 Pa.C.S.A. § 9102(a) (Purdon's 2006), and (b)

7

neither § 9509 nor any other provision in Pennsylvania's Article 9 expressly or implicitly limits the number of financing statements that may be filed by a secured party. Therefore, Bank One, as a matter of law, was entitled to reperfect Bank One's Security Interest by filing a second financing statement on October 18, 2004.

As for the Debtor's argument that, even if Bank One, as a matter of law, could have so reperfected Bank One's Security Interest, Bank One was precluded from doing so on the ground that it lacked authority from the Debtor to so reperfect, the Court rejects such argument for two reasons. First, the language in the Security Agreements set forth in the Statement of Facts above expressly granted to Bank One the necessary authority to file a second financing statement and thereby reperfect Bank One's Security Interest. Second, "[b]y authenticating or becoming bound as debtor by a security agreement, a debtor ... authorizes the filing of an initial financing statement ... covering (1) the collateral described in the security agreement." 13 Pa.C.S.A. § 9509(b)(1) (Purdon's 2006). "The secured party need not obtain a separate authorization." 13 Pa.C.S.A. § 9502 U.C.C. comment ¶ 3 (Purdon's 2006). Therefore, the Debtor, by entering into the Security Agreements, *ipso facto* authorized Bank One to file as many initial financing statements as it needed in order to perfect Bank One's Security Interest.

Therefore, Bank One reperfected Bank One's Security Interest when it filed its second financing statement relative to such security interest on October 18, 2004, which means that Bank One's Security Interest is presently perfected

8

and immune from avoidance by the Trustee.[1]

Although the Court holds that Bank One's Security Interest is presently perfected and immune from avoidance by the Trustee, the Court, at the present time, must nevertheless hold off on granting to Bank One the stay relief that it presently seeks. The Court cannot rule finally as to the propriety of a grant of such stay relief until it ascertains with certainty whether intervening liens arose in favor of other parties, namely the IRS and the PDLI, during the period between January 20, 2004, and October 18, 2004, which period is that when, as Bank One concedes, Bank One's Security Interest was not perfected and was thus susceptible to priming by the liens of others.[2] Furthermore, the Court is presently uncertain as to either the value of the assets that are subject to Bank One's Security Interest or the present balance of Bank One's claim, which issues also heavily impact upon the propriety of a grant of the stay relief sought by Bank One. Therefore, the Court will continue Bank One's stay relief motion until May 11, 2006, at 2:30 p.m., at which time Bank One, the IRS, the PDLI, the Trustee,

---

[1]Because the Debtor's bankruptcy case was commenced on September 30, 2005, Bank One"s reperfection of Bank One's Security Interest on October 18, 2004, is not subject to avoidance via either the Trustee's strong-arm powers under 11 U.S.C. § 544 or as a preferential transfer under 11 U.S.C. § 547.

[2]It appears to the Court that Bank One is correct in its assessment that only lien creditors and not purchasers for value exist to challenge the priority of Bank One's Security Interest. The significance of the foregoing point is that, in contrast to purchasers for value, lien creditors may only prime Bank One's Security Interest if, and to the extent that, their liens arose (a) after January 20, 2004, which is when Bank One's first financing statement lapsed, see 13 Pa.C.S.A. § 9515 U.C.C. comment ¶ 3 & ex. 2 (Purdon's 2006), and (b) before Bank One reperfected Bank One's Security Interest on October 18, 2004.

and the Debtor shall appear for a hearing so that the Court can make a final determination as to (a) the priority of the competing encumbrances upon the Debtor's assets, (b) the value of such assets, and (c) the propriety of a grant of the stay relief that is presently sought by Bank One.

## CONCLUSION

For all of the foregoing reasons, the Court holds that Bank One presently possesses a perfected security interest in the Debtor's assets, which security interest is immune from avoidance by the Trustee. However, the Court is presently uncertain as to the priority that such security interest of Bank One enjoys vis-a-vis lien creditors in the instant bankruptcy case. As well, the Court is presently uncertain as to either the value of the assets that are subject to such security Interest or the present balance of Bank One's claim, which issues also heavily impact upon the propriety of a grant of the stay relief sought by Bank One. Therefore, the Court cannot presently grant stay relief to Bank One. Instead, the Court will continue Bank One's stay relief motion until May 11, 2006, at 2:30 p.m., at which time Bank One, the IRS, the PDLI, the Trustee, and the Debtor shall appear for a hearing so that the Court can make a final determination as to (a) the priority of the competing encumbrances upon the Debtor's assets, (b) the value of such assets, and (c) the propriety of a grant of the stay relief that is presently sought by Bank One.

AO 72A
(Rev. 8/82)

An appropriate order will be entered.

BY THE COURT

*[signature]*
M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge

DATED:     April 21, 2006

AO 72A
(Rev. 8/82)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| ALIQUIPPA MACHINE CO., INC., : | Bankruptcy No. 05-33726-MBM |
| Debtor. : | |
| Bank One, a division of J.P. Morgan Chase Bank, N.A. : | Chapter 7 |
| Movant, : | |
| v. : | Doc. No. 37 |
| Eric E. Bononi, Trustee of Aliquippa Machine Co., Inc., : | |
| Respondent. : | |

### ORDER OF COURT

**AND NOW,** this **21th day** of **April, 2006**, for the reasons set forth in the accompanying Memorandum Opinion of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that

(a) **Bank One presently possesses a perfected security interest in the Debtor's assets**, which security interest is immune from avoidance by the Trustee, and

(b) Bank One's stay relief motion is **CONTINUED** until **May 11, 2006, at 2:30 p.m.,** in **Courtroom B, 54th Floor U.S. Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania**, at which time Bank One, the Internal Revenue Service, the Pennsylvania Department of Labor & Industry, the Chapter 7 Trustee, and the Debtor shall appear for a hearing so that the Court can make a final determination as to (a) the priority of competing encumbrances upon the Debtor's assets, (b) the value of such assets,

and (c) the propriety of a grant of the stay relief that is presently sought by Bank One.

BY THE COURT

*[signature]*

**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

cm:  David K. Rudov, Esq.
Rudov & Stein, P.C.
100 First Avenue, Suite 500
First & Market Building
Pittsburgh, PA 15222

Jonathan Babyak, Esq.
Campbell & Levine
3100 Grant Building
Pittsburgh, PA 15219

Eric Bononi, Esq.
Bononi & Bononi
20 North Pennsylvania Avenue
Greensburg, PA 15601

FILED
APR 26 2006
CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

2

AO 72A
(Rev. 8/82)